**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────────

**AMBIONIS SORIANO,**

                 Petitioner,

    - against –

**UNITED STATES OF AMERICA,**

             Respondent.
────────────────────────────────────────

**05 Civ. 2704 (JGK)**
**01 Cr. 534 (JGK)**

**OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

    The petitioner, Ambionis Soriano, brings this motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds that: (1) the imposition of his sentence was unconstitutional under the rules set forth in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), (2) his guilty plea was not knowing, voluntary, and intelligent, and (3) his counsel provided ineffective assistance in connection with his plea.  For the reasons stated below, the petitioner's motion is **denied.**

**I.**

    On February 5, 2002, the petitioner pleaded guilty, along with one co-defendant, to one count of conspiring, in violation of 21 U.S.C. § 846, to distribute and possess with the intent to distribute over five kilograms of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A).  (See Plea Tr. of

- 1 -

Feb. 5, 2002 ("Plea Tr."), attached as Ex. C to Gov't Mem. in Opp'n. ("Gov't Mem.").)  At his plea allocution, the Court specifically advised the petitioner that, if he did not plead guilty, the Government would be required to prove beyond a reasonable doubt at trial that the amount of cocaine involved in the conspiracy was five kilograms or more.  (Id. at 14.)  The Court also advised the petitioner that the crime to which he was pleading carried a mandatory minimum sentence of ten years and a maximum penalty of life imprisonment.  (Id. at 14-15.)  The Government provided the petitioner with a letter pursuant to United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991), but the petitioner did not plead pursuant to any plea agreement with the Government.

Prior to sentencing, the petitioner and his co-defendant moved for various downward departures from the applicable Sentencing Guidelines range.  The Court held an evidentiary hearing on September 26, October 7, and October 14, 2003 to resolve factual disputes arising from the requested departures. During his hearing testimony, the petitioner admitted his involvement in negotiating a 100-kilogram cocaine transaction. (See Hr'g Tr. of Oct. 7, 2003 ("10/7/03 Hr'g Tr."), attached as Ex. A to Gov't Mem., at 32, 48, 50.)  Following the hearing, in an order dated December 10, 2003, the Court denied the

- 2 -

defendants' request for a downward departure.  See <u>United States</u>
<u>v. Soriano</u>, 295 F. Supp. 2d 317, 324 (S.D.N.Y. 2003).  The Court
noted that "the credible evidence establishes that the defendants
agreed to purchase 100 kilograms of cocaine."  <u>Id.</u> at 322.

At sentencing, the Court calculated the Sentencing
Guidelines range in the petitioner's case at 135 to 168 months in
part based on the finding that the conspiracy involved 100
kilograms of cocaine.  (Sentencing Tr. of Feb. 27, 2004 ("Sent.
Tr."), at 6.)  The Court then sentenced the petitioner at the
bottom of the range principally to a term of 135 months
imprisonment.  (<u>Id.</u> at 8.)

The judgment of conviction was entered on March 12, 2004.
The petitioner did not file a notice of appeal.  The petitioner
timely filed this motion pursuant to 28 U.S.C. § 2255, which was
received by the Court's Pro Se Office on February 9, 2005.

## II.

The thrust of the petitioner's complaint is that the Court
unconstitutionally imposed a sentence based on a judicial finding
that the petitioner engaged in a conspiracy involving 100
kilograms of cocaine.  The petitioner raises three claims.
First, the petitioner argues that, based on the Supreme Court's
decisions in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and
<u>United States v. Booker</u>, 543 U.S. 220 (2005), the imposition of

- 3 -

his sentence violated the Sixth Amendment because he was sentenced in excess of the statutory maximum based on judicial findings of fact that were not proved to a jury beyond a reasonable doubt or admitted by the defendant in his plea allocution.  Second, the petitioner argues that the failure of the Court to advise him during his plea allocution that the Government would have to prove the 100-kilogram amount to a jury beyond a reasonable doubt resulted in a plea that was unknowing and involuntary.  Third, the petitioner argues that his counsel was ineffective for failing to object to the Court's use of the 100-kilogram amount in calculating his sentence.  These arguments are without merit.

**A.**

As the petitioner recognizes, the judgment of conviction in his case became final before the Supreme Court issued its decisions in <u>Blakely</u> and <u>Booker</u>.[1]  Thus, the threshold question is whether the petitioner can rely on the rules announced in

---

[1] The judgment of conviction was entered on March 12, 2004.  <u>See</u> <u>Houston v. Greiner</u>, 174 F.3d 287, 289 (2d Cir. 1999).  The petitioner then had ten business days to file a notice of appeal.  Fed. R. App. P. 4(b)(1), 26(a).  <u>See, e.g.</u>, <u>United States v. Hooper</u>, 43 F.3d 26, 27 (2d Cir. 1994); <u>German v. United States</u>, 209 F. Supp. 2d 288, 291 (S.D.N.Y. 2002).  Thus, the last day for the petitioner to file a notice of appeal was on March 26, 2004.  The judgment then became final on that day after the petitioner failed to file the notice of appeal.  <u>See</u> <u>German</u>, 291 F. Supp. 2d at 291; <u>Simoiu v. United States</u>, 00 Civ. 8277, 2001 WL 936224, at *7 (S.D.N.Y. Aug. 17, 2001).  <u>Blakely</u>, the earlier of the two decisions, was not decided until June 24, 2004, several months after the judgment of conviction became final.

these cases in seeking collateral review of his sentence under §
2255.

The Second Circuit Court of Appeals squarely addressed and
resolved this issue as to Booker, holding that "Booker is not
retroactive: it does not apply to cases on collateral review
where the defendant's conviction was final as of January 12,
2005, the date that Booker issued." Guzman v. United States, 404
F.3d 139, 141 (2d Cir. 2005).  With respect to Blakely, neither
the Supreme Court nor the Second Circuit has declared that
Blakely applies retroactively to cases on collateral review.
Rather, in the context of second or successive petitions under §
2255, the Second Circuit Court of Appeals has stated that Blakely
does not apply retroactively.  Carmona v. United States, 390 F.3d
200, 202-03 (2d Cir. 2004).  Other courts have held that Blakely
does not apply retroactively to cases on collateral review.  See,
e.g., Schardt v. Payne, 414 F.3d 1025, 1027 (9th Cir. 2005);
United States v. Price, 400 F.3d 844, 846-49 (10th Cir. 2005);
Olivares v. United States, No. 05 Civ. 6094, 2006 WL 2057188, at
*3 (S.D.N.Y. July 24, 2006); Haouari v. United States, 429 F.
Supp. 2d 671, 684 (S.D.N.Y. 2006).  Therefore, because neither
Blakely nor Booker apply retroactively to the petitioner's § 2255
motion, these cases afford the petitioner no basis for relief.

To the extent that the petitioner's arguments can be construed as claiming a sentencing defect based on the law that existed before <u>Booker</u> and <u>Blakely</u>, such claims also fail.  As an initial matter, the petitioner did not file a notice of appeal. The general rule is that a petitioner's failure to raise an issue on direct appeal precludes the petitioner from raising it on collateral review, absent a showing of cause and prejudice.  <u>See Massaro v. United States</u>, 538 U.S. 500, 504 (2003); <u>Lu v. United States</u>, No. 01 Cr. 38-01, 2006 WL 1663283, at *2 (S.D.N.Y. June 14, 2006).  The petitioner has not alleged any facts in his motion to establish cause or prejudice.  As such, any claims relying on the law as it existed before <u>Booker</u> and <u>Blakely</u> are procedurally barred because the petitioner failed to raise them on direct appeal.

Even assuming that the petitioner could overcome this procedural bar, the petitioner nonetheless has failed to raise any basis for relief under the law that existed when his judgment of conviction became final.  The imposition of the petitioner's sentence was consistent with the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  <u>Apprendi</u> held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a

reasonable doubt." Id. at 490.  In this case, the petitioner
admitted at his plea allocution to a conspiracy involving five
kilograms or more of cocaine in violation of 21 U.S.C. § 846.
Pursuant to 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), the
statutory mandatory minimum for the petitioner's offense was ten
years imprisonment and the statutory maximum was life
imprisonment.  In this case, the petitioner was sentenced within
the statutory range to 135 months imprisonment.  Because the
petitioner was not sentenced in excess of the statutory maximum,
he has not stated a claim under Apprendi.

     Additionally, the Court of Appeals has emphasized that, even
after Booker, the "district courts' authority to determine
sentencing factors by a preponderance of the evidence endures"
and is constitutional.  See United States v. Vaughn, 430 F.3d
518, 525 (2d Cir. 2005); United States v. Gonzalez, 407 F.3d 118,
125 (2d Cir. 2005).  Such authority clearly existed before Booker
and Blakely.  See Vaughn, 430 F.3d at 525; United States v.
Garcia, 240 F.3d 180, 184 (2d Cir. 2001) ("[A] guideline factor,
unrelated to a sentence above a statutory maximum or to a
mandatory minimum, may be determined by a sentencing judge...").
Thus, the Court's use of the preponderance of the evidence
standard in considering the relevant sentencing factors was
consistent with the law, both then and now, notwithstanding the

petitioner's arguments to the contrary.  Moreover, the specific determination in this case that the petitioner engaged in a conspiracy involving 100 kilograms of cocaine was supported by a preponderance of the evidence.  The petitioner thrice admitted his involvement with the 100-kilogram cocaine conspiracy when he testified at the sentencing hearing.  (See 10/7/03 Hr'g Tr. at 32, 48, 50.)  For these reasons, the petitioner has failed to assert any claim based on the sentencing law that existed at the time his judgment became final.

### B.

The petitioner next contends that the Court should have advised him during his plea allocution that—if he went to trial—the Government would be required to prove the 100-kilogram amount to a jury beyond a reasonable doubt.  The failure of the Court to do so, the petitioner argues, rendered his plea unknowing and involuntary.

The petitioner here essentially imports his argument under Blakely and Booker into the plea allocution context.  The argument fails for many of the reasons stated above.  The petitioner has identified no aspect of the plea allocution that was inconsistent with then-existing law.  First, the Court advised the petitioner that the Government would be required to prove beyond a reasonable doubt that the narcotics involved in

- 8 -

the conspiracy consisted of five kilograms or more of cocaine. The Court then advised the petitioner of the minimum and maximum penalties for such an offense.  Based on <u>Apprendi</u>, that was all that was required.  As discussed above, the specific amount of cocaine involved in the conspiracy beyond the five kilograms was a relevant sentencing factor that the Court could determine by a preponderance of the evidence.  As such, the Court was not obligated to inform the petitioner that the Government would have to prove the specific 100-kilogram amount to a jury beyond a reasonable doubt.  Had the Court done so, it would have misstated the law.  Therefore, the petitioner has failed to show that his plea was unknowing or involuntary.

## c.

Finally, the petitioner claims that his counsel provided ineffective assistance when he failed to object to the Court's use of the 100-kilogram amount in calculating his sentence. However, "[t]o decline to raise a failing or non-existent claim is well 'within the wide range of reasonable professional assistance.'"  <u>Olivares</u>, 2006 WL 2057188, at *4 (quoting <u>Strickland v. Washington</u>, 486 U.S. 668, 689 (1984)).  Given that the claim would have failed for the reasons stated above, counsel was certainly not ineffective for failing to raise it.  Further, counsel was not ineffective for failing to raise any claims based

on the rules announced in Booker or Blakely, which were not in existence at the time of the petitioner's sentencing.  Therefore, the petitioner has failed to state claim for ineffective of assistance of counsel.

## CONCLUSION

The Court has considered all of the petitioner's arguments. To the extent not specifically addressed above, they are either moot or without merit.  The petitioner's § 2255 motion is **denied.** Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

**SO ORDERED.**

**Dated:    New York, New York**
      **October _24_ , 2006**

John G. Koeltl
United States District Judge

- 10 -